NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

2006-1244

DESIGNING HEALTH, INC.,

Plaintiff-Appellant,

and

BERNARD COLLETT and ROBERT MACINTOSH COLLETT,

Plaintiffs/Third Party Defendants-Appellants,

and

COLLETT VETERINARY CLINIC, INC. and COLLETT FAMILY TRUST,

Third Party Defendants,

v.

UDO ERASMUS,

Defendant/Third Party Plaintiff-Appellee,

and

FLORA, INC., FLORA MANUFACTURING AND DISTRIBUTING, LTD.,
THOMAS GREITHER and GABRIEL LIGHTFRIEND,

Defendants-Appellees.

Allen Hyman, of North Hollywood, California, argued for plaintiff-appellant, plaintiffs/third party Defendants-appellants.

G. Cresswell Templeton, III, Hill, Farrer & Burrill, LLP, of Los Angeles, California, argued for third party defendants and defendants-appellees. With him on the brief were Sheldon S. Lustigman and Andrew B. Lustigman, The Lustigman Firm, of New York, New York.

John M. Burns, III of New York, New York, argued for defendant/third party plaintiff-appellee.

Appealed from: United States District Court for the Central District of California

Judge George P. Schiavelli

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-1244

DESIGNING HEALTH, INC.,

Plaintiff-Appellant,

and

BERNARD COLLETT and ROBERT MACINTOSH COLLETT,

Plaintiffs/Third Party Defendants-
Appellants,

and

COLLETT VETERINARY CLINIC, INC. and COLLETT FAMILY TRUST,

Third Party Defendants,

v.

UDO ERASMUS,

Defendant/Third Party Plaintiff-Appellee,

and

FLORA, INC., FLORA MANUFACTURING AND DISTRIBUTING, LTD.,
THOMAS GREITHER and GABRIEL LIGHTFRIEND,

Defendants-Appellees.

———————————————

DECIDED: February 26, 2007

———————————————

Before MICHEL, <u>Chief Judge</u>, RADER, and SCHALL, <u>Circuit Judges</u>.

SCHALL, <u>Circuit Judge</u>.

DECISION

Designing Health, Inc.; Robert M. Collett; and Bernard Collett, (collectively "DH") appeal from the final judgment of the United States District Court for the Central District of California granting judgment pursuant to the Federal Circuit's mandate of August 10, 2005. Designing Health, Inc. v. Erasmus, No. CV 98-4755 (C.D. Cal Jan. 23, 2006) ("Final Judgment"). DH argues on appeal that the district court erred in finding that the Federal Circuit's decision 1) mandated entry of judgment as a matter of law ("JMOL") in favor of both Flora Inc., Flora Manufacturing and Distributing, Ltd. (collectively "Flora") and Udo Erasmus ("Erasmus"), and 2) precluded a new trial. Additionally, DH argues that the district court erred in declining to exercise its discretion to grant a new trial in the event the Federal Circuit's decision did not mandate entry of JMOL in favor of Flora and Erasmus and did not preclude a new trial. Flora and Erasmus counter that the district court properly concluded that the Federal Circuit mandate of August 10, 2005, compelled entry of JMOL in favor of Flora and Erasmus and that it had no discretion to grant a new trial. Because the district court properly executed our mandate of August 10, 2005, we affirm.

DISCUSSION

I.

DH, a manufacturer of health food supplements, previously brought suit against Flora and Erasmus in the Central District of California alleging conspiracy to commit fraud, breach of fiduciary duty, and patent infringement. The district court dismissed the patent infringement claims, denied Flora's and Erasmus' motions for judgment as a matter of law, and entered judgment, upon a jury verdict, in favor of DH on the fraud and

breach of fiduciary duty claims. Erasmus and Flora appealed the decision of the district court denying their motion for JMOL regarding (1) the jury verdict that they were liable for fraud; (2) the jury's award of damages resulting from that fraud; and (3) the jury's verdict that they were liable for conspiracy to commit fraud. Erasmus appealed the decision of the district court denying his motion for JMOL regarding (1) the jury's verdict that he was liable for breach of fiduciary duty; and (2) the jury's award of damages for that breach.

On June 1, 2005, this court issued a decision on the prior appeal. Designing Health, Inc. v. Erasmus, 132 Fed. Appx. 826 (Fed. Cir. 2005) (unpublished decision) ("DH I"). This court affirmed the district court's denial of JMOL with respect to the jury's liability verdicts against Flora and Erasmus but reversed the district court's denial of JMOL as to damages against both Flora and Erasmus, holding that the record evidence was insufficient as a matter of law to support the jury's fraud and breach of fiduciary duty damages awards. Id. at 833-34.

On June 27, 2005, DH filed a petition for rehearing requesting "clarification by the Court to provide limited direction to the district court, that the case is remanded for a new trial on damages and punitive damages at the district court's discretion in accordance with Federal Rule of Civil Procedure Rule 50(d)." The petition for rehearing was denied without comment on August 3, 2005.

II.

After this court's mandate in DH I issued on August 10, 2005, the district court granted Flora and Erasmus' renewed motions for JMOL, stating:

> Pursuant to the Federal Circuit's June 1, 2005 opinion and August 10, 2005 mandate ordering reversal of this court's order denying Defendants' motions for judgment as a matter of law ("JMOL"), the Court hereby VACATES the prior order of this court denying said motions, and enters a new order GRANTING said motions. Plaintiffs' motion for a new trial is DENIED.

Designing Health, Inc. v. Flora, Inc., No. CV-98-4758, at 1 (C.D. Cal Nov. 17, 2006).

The court also denied DH's request for a new trial, stating:

> The order of the Circuit Court is clear on its face in compelling reversal of the denial of the JMOLs. However, Plaintiffs have argued they are entitled to a new trial because evidence that might have supported the damages awards was allegedly improperly excluded at trial. This is an issue that should have been raised on appeal, either in the briefing or in the Petition for Rehearing. It is not for this court to now, for the first time, consider what is, in essence, an appeal from the orders of the prior Judge in this case. . . . However, as the issues were not raised on appeal, the appellate court did not consider a new trial or order this court to do so. Accordingly, this court has no discretion in the matter.

Id. The court also noted that even if it had discretion to grant a new trial it would not have exercised its discretion to grant a new trial in this case. Id. The court entered judgment on January 23, 2006, stating: "(1) Plaintiffs [DH] shall take nothing from Defendants Flora Inc., Flora Manufacturing and Distributing, Ltd., and Udo Erasmus on their claim for fraud; (2) Plaintiffs [DH] shall take nothing from Udo Erasmus on their claim for breach of fiduciary duty; and (3) costs be awarded to said Defendants under Federal Rule of Civil Procedure 54(d)." Final Judgment, at 1.

### III.

This court reviews the interpretation of its own mandate de novo. Engel Indus., Inc. v. Lockformer Co., 166 F.3d 1379, 1382 (Fed. Cir. 1999); see also Tronzo v. Biomet, Inc., 236 F.3d 1342 (Fed. Cir. 2001).

DH argues on appeal that the district court erred in finding that the Federal Circuit's decision mandated entry of JMOL in favor of both Flora and Erasmus on

damages, and thus precluded a new trial on damages. DH urges that <u>Weisgram v. Marley Co.</u>, 528 U.S. 440 (2000), implies a notice requirement whereby a court of appeals must be explicit when it directs a district court to enter judgment for the jury verdict loser in order to put the jury verdict winner on notice that it must seek a new trial before the court of appeals. According to DH, absent this explicit notice, a court of appeals' silence in the mandate should not be construed by the district court as requiring entry of judgment for the jury verdict loser. Rather, the jury verdict winner should be free to seek, and the district court should have the discretion to grant, a new trial on remand. DH further argues that the district court's denial of a new trial on damages was inconsistent with DH's Seventh Amendment right to a jury trial. DH further outlines several alleged evidentiary failings by the district court which DH asserts support allowing a new trial on damages.

Flora and Erasmus counter that the rule of mandate divests the district court of jurisdiction to do anything more than whatever actions are necessary to carry out the mandate. According to Flora and Erasmus, the district court properly denied DH a new trial because the mandate in this case did not remand any issues to the district court, and the only action left within the district court's jurisdiction was to reverse its prior denial of Flora's and Erasmus' JMOL motions. Flora and Erasmus assert that the Seventh Amendment is not violated when a trial judge determines that evidence supporting an element of a cause of action is legally insufficient for the jury to render a verdict on the claim. Flora and Erasmus further counter that DH's failure to timely object during trial to the court's process for deciding admissibility of exhibits and

resolution of the evidentiary issues and such failure to raise those issues in <u>DH I</u> precludes DH from now raising them.

We have jurisdiction over this appeal under 28 U.S.C. § 1295(a)(1).

IV.

<u>Neely v. Martin K. Eby Construction</u>, definitively ruled that a court of appeals, after reversing the denial of a party's motion for JMOL (then styled "judgment <u>n.o.v.</u>"), may itself order dismissal or direct entry of judgment for that party. 386 U.S. 317 (1967). In doing so, the Court determined that a grant of JMOL at the appellate level is consistent with both the Seventh Amendment's right to a jury trial and the statutory grant of appellate jurisdiction. <u>Id.</u> at 322 ("As far as the Seventh Amendment's right to jury trial is concerned, . . . there is no constitutional bar to an appellate court granting judgment <u>n. o. v.</u> Likewise, the statutory grant of appellate jurisdiction to the courts of appeals is certainly broad enough to include the power to direct entry of judgment <u>n. o. v.</u> on appeal.") (internal citation omitted). The Court in <u>Neely</u> went on to discuss, <u>inter alia</u>, the proper procedural practice under Federal Rule of Civil Procedure 50(d)[1] in cases where the appellate court sets aside a trial court's denial of a Rule 50(b)[2] motion

---

[1] Fed. R. Civ. P. 50(d) states:

<u>Same: Denial of Motion for Judgment as a Matter of Law</u>. If the motion for judgment as a matter of law is denied, the party who prevailed on that motion may, as appellee, assert grounds entitling the party to a new trial in the event the appellate court concludes that the trial court erred in denying the motion for judgment. If the appellate court reverses the judgment, nothing in this rule precludes it from determining that the appellee is entitled to a new trial, or from directing the trial court to determine whether a new trial shall be granted.

[2] Fed. R. Civ. P. 50(b) states:

for JMOL, explaining that "Rule 50(d) expressly preserves to the party who prevailed in the district court the right to urge that the court of appeals grant a new trial should the jury's verdict be set aside on appeal." Id. at 323. In cases where an appellate court sets aside a jury verdict based on insufficient evidence, the Court explicitly noted that:

> [T]here remain important considerations which may entitle [plaintiff-appellee] to a new trial. The erroneous exclusion of evidence which would have strengthened his case is an important possibility. Another is that the trial court itself caused the insufficiency in plaintiff-appellee's case by erroneously placing too high a burden of proof on him at trial. But issues like these are issues of law with which the courts of appeals regularly and characteristically must deal. . . . [I]f the plaintiff's verdict is set aside by the trial court on defendant's motion for judgment n.o.v., plaintiff may bring these very grounds directly to the court of appeals without moving for a new trial in the district court. Final action on these issues normally rests with the court of appeals.

Id. at 327-28. Accordingly, the Court in Neely determined that Rule 50(d) provides adequate opportunity for a plaintiff-appellee to present, either in his brief or in a petition

---

(Cont'd. . . .)
> Renewing the Motion After Trial; Alternative Motion for a New Trial. If the court does not grant a motion for judgment as a matter of law made under subdivision (a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. The movant may renew its request for judgment as a matter of law by filing a motion no later than 10 days after the entry of judgment or—if the motion addresses a jury issue not decided by a verdict—no later than 10 days after the jury was discharged. The movant may alternatively request a new trial or join a motion for a new trial under Rule 59.
>
> In ruling on a renewed motion, the court may:
>
>    (1) if a verdict was returned:
>        (A) allow the judgment to stand,
>        (B) order a new trial, or
>        (C) direct entry of judgment as a matter of law; or
>    (2) if no verdict was returned:
>        (A) order a new trial, or
>        (B) direct entry of judgment as a matter of law.

for rehearing, his grounds for a new trial in the event his verdict is set aside by the court of appeals. Id. at 329.

Given that it was permissible for this court in DH I to direct entry of judgment below in favor of Flora and Erasmus, we must determine if that is in fact what our mandate did. "[A] lower court is bound to respect the mandate of an appellate tribunal and cannot reconsider questions which the mandate has laid at rest." FCC v. Pottsville Broad. Co., 309 U.S. 134, 140-41 (1940) (citing In re Sanford Fork & Tool Co., 160 U.S. 247, 255-56 (1895)). An issue within the scope of the initial judgment of a district court is necessarily incorporated within the scope of a court of appeals' mandate, and remanding the case to the district court without instructions to revisit the issue forecloses further review on remand. See Tronzo, 236 F.3d at 1348; see also Engel Indus., 166 F.3d at 1382 ("[T]he Engel III court did not order a remand on any of the issues presented on appeal. Therefore the scope of the Engel III mandate, and thus the scope of the matters removed from the district court's jurisdiction, is coterminous with the scope of the issues deemed presented on appeal."). However, "[w]hile a mandate is controlling as to matters within its compass, on the remand a lower court is free as to other issues." Sprague v. Ticonic Nat. Bank, 307 U.S. 161, 168 (1939) (citing In re Sanford, 160 U.S. 247). Therefore, the question is what issues were within the scope of the initial district court judgment and subsequent appeal in DH I, and consequently were finally decided by the mandate, and what other issues, if any, did the appellate court's mandate leave for the district court to decide.

This court's mandate in DH I left the district court with no additional issues to dispose of, and the only thing left for the district court to do was to grant JMOL in favor

of Flora and Erasmus with respect to damages. Notably, the previous opinion by this court did not order remand of any issues on appeal; it only "affirmed-in-part and reversed-in-part" the decision of the district court. DH I, 132 Fed. Appx. at 834. In the previous appeal, Flora and Erasmus appealed the decision of the district court denying their motion for JMOL regarding, inter alia, the jury's award of damages resulting from fraud. Id. at 827. This court reversed the district court's denial of JMOL as to the fraud damages, finding the record evidence was insufficient as a matter of law. Id. at 834. Additionally, Erasmus appealed, inter alia, the district court's denial of his motion for JMOL regarding the jury's award of damages for breach of fiduciary duty. Id. at 827. This court reversed the district court's denial of JMOL as to the breach of fiduciary duty damages, noting that the admission of certain exhibits at trial supporting fraud damages was improper, and that, even if the exhibits had been properly admitted, the evidence presented by DH was insufficient as a matter of law to support the breach of fiduciary duty damages award. Id. at 833. Under these circumstances, the only thing left for the district court to do was to do the opposite of its previous action denying Flora and Erasmus JMOL with respect to damages—that is, to grant the Flora and Erasmus motions for JMOL on damages.

None of DH's arguments to the contrary are convincing. As noted, DH urges that Weisgram contains an implicit "notice due process requirement" that requires a court of appeals to explicitly direct the district court to enter judgment against the jury verdict winner if such is the intended outcome. The Court in Weisgram determined that the authority of courts of appeals to direct the entry of judgment as a matter of law extends beyond the situation addressed in Neely to include cases in which, on the appellate

court's excision of erroneously admitted testimony, insufficient evidence remains to support the jury's verdict. Weisgram, 528 U.S. at 444. We see nothing in Weisgram that implies a "notice due process requirement." Furthermore, the text of Federal Rule of Civil Procedure 50(d) alone is adequate to put any plaintiff-appellee on notice of the proper procedure to follow when a district court's denial of JMOL is overturned on appeal.

DH also relies on Exxon Chemical Patents, Inc. v. Lubrizol Corp., 137 F.3d 1475 (Fed. Cir. 1998), to argue that silence in an appellate court's mandate with respect to granting a new trial should be interpreted as vesting discretion in the district court to do so. In Exxon, the district court had interpreted a mandate in a prior appeal to this court as prohibiting the district court from granting a new trial. Id. at 1477. This court held, however, because the prior opinion was confined to the issue of literal infringement, the mandate did not deprive the district court of the power to grant Exxon's motion for a new trial on infringement under the doctrine of equivalents. Id. Exxon does not help DH because our prior opinion considered and disposed of all issues DH now asserts as grounds for a new trial. DH outlines several alleged evidentiary failings by the district court that it asserts support allowing a new trial on damages because the excluded evidence would provide the necessary support for a damages verdict that this court found lacking in DH I. The issue of the sufficiency of the evidence to support a damages verdict was undeniably before this court on appeal in DH I:

On appeal . . . defendants argue that the award of damages in favor of the plaintiffs constituted error for several reasons. . . . [D]efendants contend that DH failed to offer any evidence of out-of-pocket losses. . . . [T]hey argue that DH did not have sufficient relevant operating history to establish lost profits for its health supplements product for humans, and that it failed to offer evidence sufficient to show: (1) what profits, if any, it would have made in the retail health food store market had it not entered into the distribution agreements with the Flora Companies, and (2) that such profits would have been more than the profits that DH made from the Flora Companies' marketing and sales.

DH I, 132 Fed. Appx. At 830. The district court's evidentiary rulings came under scrutiny in DH I, and DH had a full and fair opportunity to raise any evidentiary issues relevant to the damages determination during its first appeal. See, e.g., id. at 832 ("DH contends that the exhibits in the 1500 Series were properly admitted into evidence as summaries under Rule 1006 because they are based on evidence that was otherwise admissible at trial and that was reasonably available to Erasmus."). To the extent DH did not raise particular arguments in support of the jury verdict on damages, or in the alternative in support of a new trial on damages, during the first appeal in DH I, either in its briefing on appeal or petition for rehearing, those issues are waived. See Tronzo, 236 F.3d at 1349 (concluding that appellee's belated attack on the punitive damages award was foreclosed by the appellate court's mandate in the first appeal because appellee could have raised a challenge to the punitive damages award in the first appeal but did not).

## CONCLUSION

The district court properly interpreted this court's mandate in DH I as compelling grant of JMOL in favor of Flora and Erasmus and as foreclosing a new trial on any issues within the scope of the mandate in DH I. Because the district court did not err in

reversing its previous denial of JMOL and denying DH's request for a new trial, we affirm.

<u>AFFIRMED</u>