NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LUMMI TRIBE OF THE LUMMI RESERVATION, WASHINGTON, LUMMI NATION HOUSING AUTHORITY, HOPI TRIBAL HOUSING AUTHORITY, FORT BERTHOLD HOUSING AUTHORITY,**
*Plaintiffs-Appellants*

**FORT PECK HOUSING AUTHORITY,**
*Plaintiff*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2018-1720

---

Appeal from the United States Court of Federal Claims in No. 1:08-cv-00848-RHH, Senior Judge Robert H. Hodges, Jr.

---

Decided: October 9, 2019

---

JEFFREY S. RASMUSSEN, Fredericks Peebles and Patterson LLP, Louisville, CO, argued for plaintiffs-appellants. Also represented by JOHN FREDERICKS, III, Fredericks Law

Firm LLC, Mandan, ND.

STEVEN JOHN GILLINGHAM, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for defendant-appellee. Also represented by JOSEPH H. HUNT; PERRIN WRIGHT, United States Department of Housing and Urban Development, Washington, DC.

_____

Before O'MALLEY, REYNA, and CHEN, *Circuit Judges.*

REYNA, *Circuit Judge.*

Lummi Tribe of the Lummi Reservation, Washington, and three Native American housing authorities appeal from an order of the United States Court of Federal Claims dismissing their case. Because the dismissal erroneously included claims that have not yet been adjudicated, we *reverse* and *remand*.

## BACKGROUND

This appeal is the latest of over ten years of efforts by appellants Lummi Tribe of the Lummi Reservation, Washington, Lummi Nation Housing Authority, Hopi Tribal Housing Authority, and Fort Berthold Housing Authority (collectively, "Lummi") to receive federal housing grant funds under the Native American Housing Assistance and Self-Determination Act of 1996 ("NAHASDA"). The background of this dispute was recounted in detail in our opinion issued the first time this case was appealed to this court. *See Lummi Tribe of the Lummi Reservation, Washington v. United States*, 870 F.3d 1313, 1315–17 (Fed. Cir. 2017), *cert. denied sub nom. Lummi Tribe of the Lummi Reservation v. United States*, 139 S. Ct. 64 (2018). We recite here only those facts that are relevant to this appeal.

Congress enacted NAHASDA to establish an annual block grant system by which Native American tribes

receive funding to provide affordable housing to their members.  *See* 25 U.S.C. §§ 4101, 4111.  The annual amount of funding is calculated using a regulatory formula that is based in part on the number of housing units owned and operated by beneficiary tribes.  *Id.* § 4152(b)(1).  After calculating the allocation, the United States Department of Housing and Urban Development ("HUD") disburses NAHASDA grant funds among beneficiary tribes each year.  *Id.* § 4151.

On November, 26, 2008, Lummi filed suit against the United States in the United States Court of Federal Claims ("Claims Court"), alleging that HUD miscalculated its allocation formula and improperly withheld NAHASDA funds to which Lummi was entitled.  Lummi asserted a claim under NAHASDA, as well as claims for breach of funding agreements, breach of fiduciary duty, and breach of trust.  Lummi also asserted an illegal exaction claim based on HUD's failure to make certain factual findings and to provide Lummi with a hearing prior to withholding the grant funds.  On December 17, 2010, the government moved to dismiss Lummi's claims for lack of subject-matter jurisdiction, arguing that NAHASDA was not a money-mandating statute as required for jurisdiction under the Tucker Act.  *See Lummi Tribe*, 870 F.3d at 1316–17 (citing *United States v. Mitchell*, 463 U.S. 206, 217 (1983) and *United States v. Testan*, 424 U.S. 392, 398 (1976)).

The Claims Court denied the government's motion, interpreting NAHASDA "as mandating the payment of compensation by the government."  *Id.* at 1316 (citing *Lummi Tribe of the Lummi Reservation v. United States*, 99 Fed. Cl. 584, 594 (2011)).  On September 30, 2015, after considering the parties' supplemental briefing, the Claims Court issued an order reaffirming its prior decision that it possessed subject-matter jurisdiction over Lummi's NAHASDA claim, but rejecting Lummi's illegal exaction claim.  *Id.* at 1317 (citing Order, *Lummi Tribe of the Lummi Reservation v. United States*, No. 08-848C (Fed. Cl. Sept.

30, 2015), ECF No. 121 ("September 30 Order")).  On July 8, 2016, we granted the government's petition for permission to file an interlocutory appeal of the Claims Court's September 30 Order on subject-matter jurisdiction.

On appeal, we considered the government's "single affirmative argument" that the Claims Court erred in finding NAHASDA to be a money-mandating statute, and therefore the Claims Court was without jurisdiction over Lummi's NAHASDA claim.  *Id.*  We concluded that NAHASDA was not a money-mandating statute because it does not provide for money damages.  *Id.* at 1318–19.  We explained that Lummi was instead seeking "larger strings-attached NAHASDA grants," which was a form of equitable relief over which the Claims Court lacked jurisdiction.  *Id.* at 1319.  We noted that "any such claim for relief under NAHASDA would necessarily be styled in the same fashion" because "the statute does not authorize a free and clear transfer of money."  *Id.* (emphasis omitted).  We also rejected Lummi's reliance on its illegal exaction claim as an alternative basis for jurisdiction, explaining that because the grant funds at issue were never in Lummi's possession or control, that claim was invalid as a matter of law.  *Id.*  Having concluded that the Claims Court lacked jurisdiction over Lummi's NAHASDA and illegal exaction claims, we vacated the Claims Court's September 30 Order and instructed the Claims Court "to dismiss this action for lack of subject-matter jurisdiction."  *Id.* at 1320.  Our mandate issued on January 12, 2018.  The Claims Court dismissed the case on January 19, 2018.

Lummi appeals from this dismissal.  We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

### I.  Dismissal of Lummi's Case

We review the scope of our mandate and a trial court's compliance with it de novo.  *SUFI Network Servs., Inc. v.*

*United States*, 817 F.3d 773, 779 (Fed. Cir. 2016) (citing *Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*, 576 F.3d 1348, 1355 (Fed. Cir. 2009)). The mandate rule instructs that we do not reconsider issues that were implicitly or explicitly decided on a prior appeal. *TecSec, Inc. v. Int'l Bus. Machines Corp.*, 731 F.3d 1336, 1341–42 (Fed. Cir. 2013). An issue was implicitly decided if it was "necessary to our disposition of the appeal." *Laitram Corp. v. NEC Corp.*, 115 F.3d 947, 952 (Fed. Cir. 1997). "Unless remanded by this court, all issues within the scope of the appealed judgment are deemed incorporated within the mandate and thus are precluded from further adjudication." *Retractable Techs., Inc. v. Becton Dickinson & Co.*, 757 F.3d 1366, 1371 (Fed. Cir. 2014) (quoting *Engel Indus., Inc. v. Lockformer Co.*, 166 F.3d 1379, 1383 (Fed. Cir. 1999)). A mandate is only "controlling as to matters within its compass," and a trial court on remand "is free as to other issues." *Sprague v. Ticonic Nat. Bank*, 307 U.S. 161, 168 (1939) (citing *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 256 (1895)).

On appeal, Lummi argues that the Claims Court erred by dismissing its independent claims for breach of contract, breach of fiduciary duty, and breach of trust.[1] Resolution of this issue turns on whether these claims were within the scope of our prior mandate. We conclude that they were not.

The prior interlocutory appeal in this case was framed by the Claims Court's September 30 Order, which decided only two issues: whether NAHASDA was money mandating and whether HUD's failure to provide Lummi with a hearing constituted a per se illegal exaction. *See* J.A. 41–42 (September 30 Order at 4–5); *see also* J.A. 60–61 (Order

---

[1] The government concedes that Lummi's complaint included these breach claims. Appellee's Br. 3 (citing J.A. 32–35).

at 2–3, *Lummi Tribe of the Lummi Reservation, Washington v. United States*, No. 2016-124 (Fed. Cir. June 8, 2016), ECF No. 9) (granting the government's petition for permission to appeal the September 30 Order "that reaffirmed [the Claims Court's] prior ruling that NAHASDA is money-mandating . . . [and] addressed and rejected [Lummi's] argument that HUD's failure to afford a hearing alone entitled them to the return of monies on their illegal exaction claim"). Accordingly, the scope of our review in the prior appeal was limited to Lummi's claim under NAHASDA and its illegal exaction claim. Our prior opinion, which "may be consulted to ascertain what was intended by [the court's] mandate," *Sanford*, 160 U.S. at 256, likewise addressed only those two claims, *see Lummi Tribe*, 870 F.3d at 1317–19. Nor did we resolve Lummi's breach of contract, breach of fiduciary duty, and breach of trust claims by "necessary implication," because resolving those claims was not necessary to our conclusions that NAHASDA is not a money-mandating statute or that funds not in Lummi's possession or control could not be illegally exacted. *See Laitram*, 115 F.3d at 951–52. Lummi's breach of contract, breach of fiduciary duty, and breach of trust claims were therefore not within the scope of our prior mandate.

The government argues that we should reject Lummi's appeal, raising three primary arguments in support. We address each in turn.

First, the government argues that Lummi's appeal is barred by the mandate rule because our prior instruction to "dismiss this action" resolved the "dispositive jurisdictional issue for the complaint in its entirety." Appellee's Br. 8–9. We disagree. As explained above, our prior mandate resolved only the question of the Claims Court's jurisdiction over Lummi's NAHASDA and illegal exaction claims. We had no occasion to consider the entirety of Lummi's complaint. The parties did not address Lummi's remaining claims in their merits briefing. In certifying its September 30 Order for interlocutory appeal, the Claims

Court stated that Lummi asserted only two claims: "(1) a violation of NAHASDA's money mandate; and (2) an illegal exaction claim based on HUD's failure to provide a hearing." J.A. 53. Thus, whereas this court's order could be read to mean that all claims raised before the Claims Court were to be dismissed, our mandate "to dismiss this action" necessarily referred to only those claims that were presented to us—the NAHASDA and illegal exaction claims. *See Laitram*, 115 F.3d at 952 ("It is incorrect to conclude that we decided issues not only undecided on the merits by the trial court . . . , and thus on appeal unripe, but also neither presented to us nor discussed in our opinion, nor necessary to our disposition of the appeal.").

Second, the government argues that Lummi waived its claims for breach of contract, breach of fiduciary duty, and breach of trust by not raising those arguments in the prior appeal. Appellee's Br. 9–10. The government contends Lummi was required to do so because it asserts that those claims were within the scope of the Claims Court's September 30 Order. *Id.* This argument is meritless. As we explained, the scope of the Claims Court's September 30 Order was limited to deciding whether the Claims Court possessed jurisdiction over Lummi's claim under NAHASDA and its illegal exaction claim, and those were the only issues on which we permitted the government's interlocutory appeal. *See* J.A. 41–42, 60–61. Lummi had no prior opportunity to present its arguments on its remaining claims, and we will not close the courthouse doors on unadjudicated issues.

Lastly, the government argues that this court already resolved Lummi's breach of contract, breach of fiduciary duty, and breach of trust claims by denying Lummi's petition for rehearing in the prior appeal, which mentioned those claims. Appellee's Br. 10–11. It is well settled, however, that a decision to deny rehearing does not resolve the merits of those arguments made in the petition for rehearing that are not material to the court's initial resolution of

the appeal. *See Exxon Chem. Patents, Inc. v. Lubrizol Corp.*, 137 F.3d 1475, 1480 (Fed. Cir. 1998). Because resolving Lummi's breach of contract, breach of fiduciary duty, and breach of trust claims was not necessary to our resolution of the government's prior interlocutory appeal, our denial of Lummi's rehearing request "does not carry a presumption of rejection on the merits" of those claims. *Id.*

In light of the foregoing, we conclude that because neither the Claims Court nor this court previously adjudicated Lummi's breach of contract, breach of fiduciary duty, and breach of trust claims, the Claims Court erred by dismissing Lummi's entire case.

## II.  Transfer Under § 1631

Lummi next argues that the Claims Court erred by not considering whether to transfer its dismissed claims to a district court in the Tenth Circuit pursuant to 28 U.S.C. § 1631. Section 1631 provides in relevant part that when a "court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer [a civil] action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631 (2012). A case may only be transferred to a court that has jurisdiction to decide it. *Jan's Helicopter Serv., Inc. v. F.A.A.*, 525 F.3d 1299, 1303 (Fed. Cir. 2008).

Lummi contends that the Claims Court was required to consider *sua sponte* whether transfer of its dismissed claims was in the interest of justice, even though Lummi did not request such a transfer. Lummi relies on cases from the Sixth and Ninth Circuits, which have held that a trial court must consider transfer as an alternative to dismissal for lack of jurisdiction even if a request for transfer is not made. Appellant's Br. 14–16 (citing *Jackson v. L & F Martin Landscape*, 421 F. App'x 482, 484 (6th Cir. 2009) and *Taylor v. Soc. Sec. Admin.*, 842 F.2d 232, 233 (9th Cir. 1988)). Unlike our sister circuits, we have not yet decided

this question. *See Tex. Peanut Farmers v. United States*, 409 F.3d 1370, 1375 n.7 (Fed. Cir. 2005). We conclude that on the record before us,[2] the Claims Court should consider in the first instance whether to transfer Lummi's NAHASDA claim pursuant to § 1631.

In opposing Lummi's arguments on the issue of transfer, the government asserts that this court already considered whether to transfer Lummi's case and declined to do so by denying Lummi's petition for rehearing in the prior appeal. Appellee's Br. 12–13. As explained above, we reject this argument because our denial of Lummi's petition for rehearing did not resolve the merits of the transfer argument. *See Exxon*, 137 F.3d at 1479–80. The government also argues that transfer is not warranted because no court in the Tenth Circuit possesses jurisdiction over Lummi's NAHASDA claim in view of the Tenth Circuit's finding that any "monetary remedy available in the district court was limited to a specific year's grant appropriation, and the relevant year's appropriations were likely exhausted." Appellee's Br. 13–14 (citing *Modoc Lassen Indian Hous. Auth. v. United States Dep't of Hous. & Urban Dev.*, 881 F.3d 1181, 1196 (10th Cir. 2017)). The government conflates subject-matter jurisdiction with the district court's ability to fashion appropriate relief. Determining whether specific appropriated funds have been exhausted does not affect the

---

[2] We particularly note our prior recognition of the government's inconsistent jurisdictional arguments made to this court and the Tenth Circuit. *See Lummi Tribe*, 870 F.3d at 1319 (citing the "opposite position" taken by the government in *Modoc Lassen Indian Hous. Auth. v. United States Dep't of Hous. & Urban Dev.*, 864 F.3d 1212 (10th Cir. 2017)). Any transferee court would now have the benefit of our analysis in the prior appeal, and would be able to consider the government's dual positions.

jurisdictional question in this case,[3] and *Modoc* never states that a district court in the Tenth Circuit lacks jurisdiction over claims for specific performance under NAHASDA.

## III. Reconsideration

Lastly, Lummi requests that we reconsider our prior decision on its NAHASDA claim, and apply judicial estoppel to prevent the government from challenging the Claims Court's jurisdiction over that claim. Appellant's Br. 12. Lummi argues that this case presents exceptional circumstances that warrant an exception to the mandate rule to avoid the manifest injustice that would result if the government's inconsistent arguments to this court and to the Tenth Circuit were to deprive both the Claims Court and the district court of jurisdiction to resolve Lummi's NAHASDA claim. *Id.*; Reply Br. 7–8 (citing *Tronzo v. Biomet, Inc.*, 236 F.3d 1342, 1349 (Fed. Cir. 2001)). We do not need to decide if these circumstances are exceptional enough for us to revisit our prior decision. Although we are sympathetic to Lummi's boxed-in position, principles of judicial estoppel cannot create subject-matter jurisdiction where none exists. *Dunklebarger v. Merit Sys. Prot. Bd.*, 130 F.3d 1476, 1480 (Fed. Cir. 1997) ("It is well settled that

---

[3]    The Tenth Circuit in *Modoc* remanded the case for the district court to determine whether "HUD had the relevant funds at its disposal." 881 F.3d at 1198–99. On remand, the district court did not resolve this factual question, finding it moot in light of further proceedings in a companion case. *See Tlingit-Haida Reg'l Hous. Auth. v. United States Dep't of Hous. & Urban Dev.*, No. 08-CV-00451-RPM, 2018 WL 4103495, at *5 (D. Colo. Aug. 21, 2018). If the Claims Court determines that transfer of Lummi's NAHASDA claim is warranted under § 1631, the transferee court will have an opportunity to make factual findings on this issue.

no action of the parties can confer subject-matter jurisdiction on a tribunal and that the principles of estoppel do not apply to vest subject-matter jurisdiction where Congress has not done so." (citing *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982))). In addition, as discussed above, district courts in the Tenth Circuit still possess jurisdiction to hear Lummi's NAHASDA claim.

## CONCLUSION

We have considered Lummi's remaining arguments and find them unpersuasive. We conclude that the Claims Court erred by dismissing Lummi's claims for breach of contract, breach of fiduciary duty, and breach of trust because those claims were not included in the scope of our prior mandate and were not previously adjudicated. We also conclude that the Claims Court should consider in the first instance whether transfer of Lummi's NAHASDA claim under § 1631 would serve the interests of justice. We therefore *reverse* the Claims Court's order dismissing Lummi's case, and *remand* for further proceedings consistent with this opinion.

## REVERSED AND REMANDED

### COSTS

Each party shall bear its own costs.