**STMICROELECTRONICS, INC., Plaintiff**

v.

**MOTOROLA, INC., Defendant, Counterclaim Plaintiff,**

v.

**STMicroelectronics, N.V., and STMicroelectronics, Inc., Counterclaim Defendants.**

**No. 4:03–CV–276.**

United States District Court, E.D. Texas, Sherman Division.

March 17, 2004.

Ethan B. Andelman, Darren Jay Gold, Vinay V. Joshi, Andrew Y. Piatnicia, Robert P. Taylor, of Howrey, Simon, Arnold & White, Menlo Park, CA, Michael Edwin Jones of Potter Minton, Tyler, TX, Bruce S. Sostek of Thompson & Knight–Dallas, Dallas, TX, for Plaintiffs.

James Patrick Bradley of Sidley, Austin, Brown & Wood, Dallas, TX, Darren Jay Gold of Howrey, Simon, Arnold & White, Menlo Park, CA, Michael Edwin Jones of Potter Minton, Tyler, TX, for Third Party Defendant.

Kenneth Robert Adamo of Jones Day, Dallas, TX, for Defendants.

## ORDER

DAVIS, District Judge.

Before the Court is STMicroelectronics, N.V. and STMicroelectronics, Inc.'s Motion to Enforce Motorola Inc.'s Compliance with Patent Rule 3–1, and Brief in Support Thereof (Docket No. 37). STMicroelectronics, N.V. and STMicroelectronics, Inc. (collectively "STM") contend that Motorola Inc.'s ("Motorola") preliminary infringement contentions fail to comply with Patent Rule 3–1 because they "(1) do not show how each of the elements of Motorola's claims compare to specific [STM] products and (2) do not identify specifically by name either the allegedly infringing processes or the products made by these processes." Motion p. 1. STM argues that Patent Rule 3–1 preliminary infringement contentions require "the party asserting infringement [to] reverse engineer the accused products or perform an equivalent, detailed analysis of the products." *Id.* at 5. In response, Motorola argues that its disclosures have adequately identified STM products that infringe the contested patents except where the relevant information to identify

said products is solely within STM's possession. In either case, Motorola argues that its disclosures are sufficient because they have provided the theory of infringement with sufficient specificity to notify STM of the identity of infringing products and process. Furthermore, Motorola argues that STM's motion is an attempt to delay producing relevant discovery. Due to the complexity of the inventions at issue and the highly detailed nature of Motorola's alleged disclosure deficiencies, the Court gives the parties general discovery guidelines to follow rather than attempting to dissect Motorola's disclosures claim by claim.

First, as to the specificity required of Motorola's preliminary infringement contentions, the Court finds persuasive statements by the Northern District of California:

At this juncture, a party may comply with Patent [Rule] 3–1 by setting forth particular theories of infringement with sufficient specificity to provide defendants with notice of infringement beyond that which is provided by the mere language of the patent rules themselves ... PICs [preliminary infringement contentions] are not meant to provide a forum for litigation of the substantive issues; they are merely designed to streamline the discovery process.... [T]he question of whether [the disclosing party] conducted "reverse engineering or its equivalent" is not synonymous with whether it has complied with Patent [Rule] 3–1, which, as discussed, requires only to set forth specific theories of infringement.

*Network Caching Technology, LLC v. Novell, Inc.,* 2003 WL 21699799, *4–5 (N.D.Cal.2003).[1] Moreover, Patent Rules

---

**1.** Although the Northern District of California's opinion is not binding on this Court, it is persuasive because the relevant portions of the Court's Patent Rule 3–1 are exactly the same as that court's Patent LR 3–1.

3–6 and 3–7 demonstrate that the Patent Rules allow for an initial disclosure with additional detail supplemented in later disclosures because those rules allow parties to supplement their preliminary infringement contentions when technical information is produced during discovery pursuant to Patent Rule 3–4.

Second, the Court notes that it adheres to, as the Federal Rules of Civil Procedure contemplate, a policy of liberal discovery. Where something is not discoverable due to a claim of privilege, relevance, or other legal principle, the Court will allow a party to withhold that thing. However, in marginal cases the Court will generally favor discovery. In any case the Court will not tolerate gamesmanship that attempts to conceal or delay the production of discoverable items.

Third, the Court encourages the parties to act in a professional manner and make every good faith attempt at fairly resolving discovery disputes amongst themselves. If a disclosure's vagueness genuinely prevents a party from formulating a response, the parties should confer and make best attempts at correcting the disclosure. Likewise, parties should disclose discoverable information as quickly and efficiently as possible. In the unfortunate event that parties cannot resolve their disputes, the Court will intervene.

Therefore, at this time, the Court **DENIES** STM's motion (Docket No. 37). Based on the information available to the Court at this early stage of the proceedings, it appears that Motorola has met the Patent Rule 3–1 disclosure standard. Additionally, the Court is unwilling to pre-try the case at this procedural stage by conducting a highly detailed and rigorous analysis of the *preliminary* claim infringement contentions. The Court would see discovery progress in this case. If, after reasonable discovery, Motorola's contentions are legally deficient, the Court will entertain the appropriate motions for supplementation or dismissal.