**FENNER INVESTMENTS, LTD., Plaintiff**

v.

**JUNIPER NETWORKS INC., Utstarcom, Inc., Nokia, Inc., Nortel Networks, Inc, Lucent Technology, Inc., Cisco Systems, Inc., Ericsson, Inc., Ericsson AB, Telefonaktiebolaget, LM, Ericsson and Alcatel USA, Inc., Defendants.**

Civil Action No. 2:05cv5.

United States District Court, E.D. Texas, Marshall Division.

May 1, 2006.

Otis W. Carroll, Jr. and Deborah J. Race, Ireland Carroll & Kelley, Tyler, TX, Robert Martin Chiaviello, Jr., Karl Glenn Dial, Michael Joseph Fogarty, III and Brett Christopher Govett, Fulbright & Jaworksi, Dallas, TX, Stephen C. Dillard and D. Dudley Oldham of Fulbright & Jaworski, Houston, TX, Franklin Jones, Jr. of Jones & Jones, Marshall, TX, Thomas John Ward, Jr., Longview, TX, for Plaintiff.

Allison H. Altersohn, Susan A. Kim, Daniel C. Miller, Robert F. Perry, Alexas D. Skucas, of King and Spalding, New York, NY, Sidney Calvin Capshaw, III of Brown McCarroll, Longview, TX, for Alcatel USA, Inc.

Sidney Calvin Capshaw, III and Elizabeth L. DeRieux of Brown McCarroll, Longview, TX, Douglas Mark Kubehl of Baker Botts, LLP, Dallas, TX, Scott F. Partridge of Baker Botts, LLP, Houston, TX, for Cisco Systems Inc.

Bruce S. Sostek and Richard Lawrence Wynne, Jr., of Thompson & Knight, Dallas, TX, for Ericsson AB.

Jane Politz Brandt, Bruce S. Sostek and Richard Lawrence Wynne, Jr., of Thompson & Knight, Dallas, TX, for Ericsson Inc.

Jennifer Parker Ainsworth of Wilson Sheehy Knowles Robertson & Cornelius, PC, Tyler, TX, Morgan Chu and Jonathan S. Kagan of Irell & Manella, Los Angeles, CA, Harry Lee Gillam, Jr and Melissa Richards Smith of Gillam and Smith, LLP, Marshall, TX, David Craig McPhie and Babak Redjaian of Irell & Manella, Newport Beach, CA, for Juniper Networks, Inc.

Ruffin B. Cordell, Lauren A. Degnan and Jennifer Katharine Towle of Fish & Richardson, Washington, DC, Michael B. Eisenberg of Weil Gotshal & Manges, New York, NY, David R. Francescansi of Fish and Richardson, New York, NY, Allen Franklin Gardner and Michael Edwin Jones of Potter Minton, Tyler, TX, for Nokia, Inc.

Samuel Franklin Baxter, Marshall, TX, Michael L. Brody, Timothy O'Connor & Ivan M. Poullaos of Winston & Strawn, Chicago, IL, Kia Freeman and Christopher S. Schultz of Finnegan Henderson, Farabow Garrett & Dunner, Cambridge, MA, E. Robert Yoches of Finnegan, Henderson, Farabow Garrett & Dunner, Washington, DC, for Nortel Networks Corp.

Bruce S. Sostek and Richard Lawrence Wynne, Jr., of Thompson & Knight, Dallas, TX, for Telefonaktiebolaget LM.

### ORDER

LOVE, United States Magistrate Judge.

Before the Court is Fenner Investments, Ltd.'s ("Fenner"), motion to compel worldwide financial information from Defendant, Cisco Systems, Inc. ("Cisco") (Doc. 239). After considering the parties' briefing and oral argument, the Court issues the following order.[1]

On January 6, 2005, Fenner filed this patent infringement suit against Juniper Networks, Inc., UTStarcom, Inc., Nokia Corporation, Nortel Networks, Corp., Lucent Technologies, Inc., and Cisco Systems, Inc. Fenner amended its complaint to add Alcatel USA, Inc. and Ericsson Inc., Ericsson AB, Telefonaktiebolaget LM Ericsson (collectively "Defendants") on May 17, 2005. *See* Fenner's third amended complaint (Doc.76). Fenner's third amended complaint alleges Defendants infringe U.S. Patent No. 5,561,706 and U.S. Patent No. 6,819,670. The complaint language tracks subsections (a), (b), and (c) of 35 U.S.C. § 271, but Fenner cites the entire section as authority for its suit. On June 3, 2005, pursuant to the Docket Control Order ("DCO") (Doc. 85) and Local Patent Rule 3–1, Fenner filed is Preliminary Infringement Contentions ("PICs"), and shortly thereafter, the parties began discovery. On February 3, 2006, Fenner filed its motion to compel worldwide financial information from Cisco, arguing that the information is relevant to its claims under 35 U.S.C. § 271(f) ("271(f)"). However, Cisco contends Fenner may not discover information on the basis that it is relevant to 271(f) because Fenner's PICs do not reflect 271(f).[2]

■■■ The Patent Rules require a high level of preparedness from plaintiffs by mandating disclosure of PICs before discovery has even begun. *American Video Graphics, L.P. v. Elec. Arts, Inc.,* 359 F.Supp.2d 558, 560 (E.D.Tex.2005) (Davis, J.). PICs, in addition to a complaint, are required to provide notice of the accusing party's specific theories of infringement. *STMicroelectronics, Inc. v. Motorola, Inc.,* 308 F.Supp.2d 754, 755 (E.D.Tex.2004) (Davis, J.). The party's theories of infringement must be sufficiently particular to provide notice of infringement beyond what is provided by the language of the patent claims themselves. *Orion IP, LLC v. Staples, Inc.,* 407 F.Supp.2d 815, 817 (E.D.Tex.2006) (Davis, J.).

■■■ As submitted, Fenner's PICs lack the type of particularized accusations that would

---

1. This order memorializes an order issued from the bench on April 27, 2006.

2. The Court assumes, for the purposes of this order, that Fenner's complaint included a 271(f) claim.

notify Cisco of Fenner's infringement contentions under 271(f). This subsection provides liability for supplying all or a substantial portion of uncombined *components* of a patented invention from the United States in a manner that actively induces their combination in such a way that would infringe the patent if such combination occurred within the United States.[3] Alternatively, 271(f)(2) provides liability for whoever supplies any *component* of a patented invention knowing that it is especially made or adapted for use in the invention, which is not suitable for substantial noninfringing use, where such component is uncombined in whole or in part, and intending that such component will be combined outside of the United States in a manner that would infringe if so combined within the United States.[4] Fenner's PICs do not identify the components at issue or, in any other way, identify Fenner's specific theory of infringement under 271(f).

As the 271(f) claim is not currently reflected in Fenner's PICs, the Court must decide whether to allow Fenner to amend its PICs to include the 271(f) claim before ruling on Fenner's motion to compel Cisco's worldwide financial information. Patent Rule 3–7 provides that PICs may be amended or modified, "by order of the Court, which shall be entered only upon a showing of good cause." Accordingly, the Court ORDERS Fenner to submit a motion to amend its PICs based on a showing of good cause no later than seven (7) days from the date of the hearing, April 27, 2006. Further, Cisco is ORDERED to respond to Fenner's motion within seven (7) days.

---

**3.** 35 U.S.C. § 271(f)(1) Whoever without authority supplies or causes to be supplied in or from the United States all or a substantial portion of the *components* of a patented invention, where such *components* are uncombined in whole or in part in such manner as to actively induce the combination of such *components* outside the United States in a manner that would infringe the patent if such combination occurred within the United States, shall be liable as an infringer.

**4.** 35 U.S.C. § 271(f)(2) Whoever without authority supplies or causes to be supplied in or from the United States any *component* of a patented invention that is especially made or especially adapted for use in the invention and not a staple article or commodity of commerce suitable for substantial noninfringing use, where such *component* is uncombined in whole or in part, knowing that such *component* is so made or adapted and intending that such *component* will be combined outside of the United States in a manner that would infringe the patent if such combination occurred within the United States, shall be liable as an infringer (emphasis added).