# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

IN RE PAPST LICENSING GMBH & CO. KG
LITIGATION

This Document Relates To:

ALL CASES

Misc. Action No.  07-493 (RMC)

MDL Docket No. 1880

## MEMORANDUM OPINION ON CAMERA MANUFACTURERS' MOTION FOR SANCTIONS

In this Multi District Litigation ("MDL"),[1] Papst Licensing GmbH & Co. ("Papst") has alleged that digital camera manufacturers that sell products in the United States have infringed U.S. Patent Nos. 6,470,399 ("'399 Patent") and 6,895,449 ("'449 Patent") (collectively the "Patents"). In opposition, the Camera Manufacturers seek a declaratory judgment of non-infringement and/or patent invalidity.

---

[1] This MDL currently consists of First and Second Wave Cases. The "First Wave Cases," currently are: Fujifilm Corp. v. Papst, 07-cv-1118; Matsushita Elec. Indus. Co., Ltd. v. Papst, 07-cv-1222; Papst v. Olympus Corp., 07-cv-2086; Papst v. Samsung Techwin Co., 07-cv-2088; Hewlett Packard Co. v. Papst, 08-cv-865; and Papst v. Nikon Corp., 08-cv-985. The "First Wave Camera Manufacturers" include: Fujifilm Corporation; Fujifilm U.S.A., Inc.; Fujifilm Japan; Matsushita Electric Industrial Co., Ltd.; Victor Company of Japan, Ltd.; Olympus Corporation; Olympus Imaging America Inc.; Samsung Techwin Co.; Samsung Opto-Electronics America, Inc.; Panasonic Corporation of North America; JVC Company of America; Hewlett-Packard Company; Nikon Corporation; and Nikon, Inc. The "Second Wave Cases" currently are: Papst v. Canon, 08-cv-1406; Papst v. Eastman Kodak, 08-cv-1407; Papst v. Sanyo, 09-cv-530. The "Second Wave Camera Manufacturers" include: Canon, Inc.; Canon USA, Inc.; Eastman Kodak Company; Sanyo Electric Co., Ltd; and Sanyo North America Corporation.

The Camera Manufacturers[2] now move for sanctions and seek attorney's fees due to Papst's filing its Final Asserted Claims and Infringement Contentions with complete disregard for the requirements set by the Court at an August 31, 2010 hearing and in the Sixth Practice and Procedure Order [Dkt. # 372].  *See* Revised Final Asserted Claims and Contentions [Dkt. # 416] ("Final Contentions") (revising prior version at Dkt. # 379).  As explained below, the motion will be granted in part and denied in part; Papst will be sanctioned, but the request for attorney's fees will be denied.

## I.  FACTS

At the onset of this case, the Court informed the parties that its plan for case management included an early *Markman* hearing[3] for the purpose of defining and refining the issues and narrowing the case.  *See, e.g.*, Second Practice & Procedure Order [Dkt. # 36].  On May 28, 2008, Papst filed its Asserted Claims and Infringement Contentions pursuant to the Second Practice and Procedure Order [Dkt. # 36].  *See* Claims and Infringement Contentions [Dkt. # 110].  The Court held a *Markman* hearing September 22 through 24, 2008, and rendered its final claims construction opinion and order on November 24, 2009.  *See* Modified Claims Construction Op. [Dkt. # 336]; Modified Order [Dkt. # 337].[4]

---

[2] Even though the Second Wave Cases are currently stayed, the First and Second Wave Camera Manufacturers join in this motion.  *See* Seventh Practice and Procedure Order [Dkt. # 391].

[3] Pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996), the Court is required to construe the contested claims of the patents before a jury can determine whether the accused products infringe.  Thus a claims construction hearing is often called a *Markman* hearing.

[4] The Modified Claims Construction Opinion and Order were issued upon reconsideration and replaced the original opinion and order filed on June 12, 2009.  *See* Op. [Dkt. # 312]; Order [Dkt. # 313].  Papst filed a second motion for reconsideration, but that motion was denied on January 29, 2010.  *See* Order [Dkt. # 343].

On July 30, 2010, the Court entered a Minute Order requiring the parties to "meet and confer and jointly submit a focused discovery proposal and deadlines." Minute Order entered July 30, 2010. The parties each filed their own proposal, although they put them in one document. *See* Proposal [Dkt. # 367]. The Court and the parties discussed the proposals at a status conference on August 31, 2010. At that conference, the Court noted that Papst had failed to propose focused discovery as ordered by the Court and ordered Papst to bring its asserted claims and infringement contentions up-to-date in light of the Modified Order on claims construction:

> I said focused discovery and what I got was a shotgun shell. I mean, everything. I do not consider that focused and I don't think that it fulfills my obligation to get this done quickly and with the least expense possible under the circumstances. So what I think we need to start with is the concept that Papst filed infringement contentions . . . and hasn't changed them, hasn't indicated it wants to change them, hasn't indicated it plans or needs to change them but now says [it] need[s] a ton of discovery. I'm not sure that all of your contentions can stand in light of the claims construction decision which I appreciate you don't like, it's okay. But nobody knows what they're fighting about now. Nobody can tell and you don't want to tell them, and we're not going to do it that way. I mean, you're the plaintiff. You have allegations, you need to say what they are. So the first thing is I'm going to direct Papst to refile its claims contentions, its infringement contentions. . . . File that, then we'll know what we're arguing about. Only then can we figure out what discovery is really needed.

Camera Mfrs.' Mot. for Sanctions [Dkt. # 388], Ex. A (Tr. of Aug. 31, 2010 Hearing) at 18-19. The Court further directed, "you have got to bring your infringement contentions up to date. People have to know what they're litigating about. And only when you do can you then say okay, this is the discovery we need for these reasons." *Id*. at 32. The Court told Papst that its asserted claims and infringement contentions needed to be specific:

> First you have to decide what your infringement contentions are. Only when you know what, what camera you're asserting [infringes]

what claim and for what reason[,] can you possibly figure out what discovery you might need that you don't already have.

*Id*. at 33-34.

As a result of the August 31, 2010 status conference, the Court issued its Sixth Practice and Procedure Order. *See* Sixth Practice & Procedure Order [Dkt. # 372] ("Sixth PPO"). That Order defined the specificity required for Papst's Final Contentions as follows:

> 2. No later than October 13, 2010, Papst shall file its Final Disclosure of Asserted Claims and Infringement Contentions. Separately for each opposing party, this Final Disclosure shall contain the following information:
>
> a. Each claim of each patent in suit that is allegedly infringed by each opposing party, including for each claim the applicable statutory subsections of 35 U.S.C. § 271 asserted;
>
> b. Separately for each asserted claim, each accused apparatus, product, device, process, method, act or other instrumentality ("Accused Instrumentality") of each opposing party of which Papst is aware. This identification shall be as specific as possible. Each product, device, and apparatus shall be identified by name or model number, if known. Each method or process shall be identified by name, if known or by any product, device or apparatus which, when used, allegedly results in the practice of the claimed method or process;
>
> c. A chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function.
>
> d. For each claim which is alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement. Insofar as alleged direct infringement is based on joint acts of multiple parties, the role of each such party in the direct infringement must be described.

e. Whether each limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents in the Accused Instrumentality; and

f. For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled.[5]

*Id*. ¶ 2.

Pursuant to the Sixth PPO, Papst filed its Final Contentions. Because those Final Contentions fail to comply with the Sixth PPO and fail to satisfy the goals set out by the Court at the August 31, 2010 status conference, the Camera Manufacturers move for sanctions.

## II. LEGAL STANDARD

The Camera Manufacturers seek sanctions against Papst pursuant to Federal Rule of Civil Procedure 16 and 37(b). Rule 37(b)(2)(A) provides:

> If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders. They may include the following:
>
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceedings in whole or in part;
>
> (vi) rendering a default judgment against the disobedient

---

[5] *See* Rule 3-1 of the Local Rules of Practice for Patent Cases before the U.S. District Court for the Northern District of California ("N.D. Calif. Patent Rules").

party; or

> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). Rule 16(f)(1)(C) permits a court to enter "any just orders, including those authorized by Rule 37(b)(2)(A)" if a party or its attorney fails to obey a scheduling or other pretrial order. An order imposing sanctions under Rules 16(f) and 37(b) may be entered against a party who fails to comply with court ordered requirements for the disclosure of infringement contentions. *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1633 (Fed. Cir. 2006). A court may also require the disobedient party to pay the reasonable expenses, including attorney's fees, incurred by the opposing party due to the failure to comply with the court's order. Fed. R. Civ. P. 16(f)(2) & 37(b)(2)(C).

The Sixth PPO put in place standards substantially the same as those imposed by Rule 3-1 of the Local Rules of Practice for Patent Cases before the U.S. District Court for the Northern District of California ("Northern District of California Patent Rules"). In the Northern District of California, Rule 3-1 requires a plaintiff in a patent infringement case to "crystallize its theory of the case and patent claims."[6] *InterTrust Tech. Corp. v. Microsoft Corp.*, Civ. No. 01-1640, 2003 WL 23120174, at *3 (N.D. Cal. Dec. 1, 2003). "The overriding principle of the [Northern District of California Patent Rules] is that they are designed [to] make the parties more efficient, to streamline the litigation process, and to articulate with specificity the claims and theory of a plaintiff's infringement claims." *Bender v. Micrel*, Civ. No. 09-1144, 2010 WL 520513, *2 (N.D. Cal. Feb. 6,

---

[6] A plaintiff in the Northern District of California is expected to articulate its infringement contentions no later than 14 days after the initial case management conference, a much earlier stage than required in this MDL. N.D. Cal. Patent Rule 3-1. Papst was required to crystallize its theory only after claims construction.

2010).  The purpose of Rule 3-1 is to "prevent the case stagger[ing] for months without clear direction" by "focusing discovery on building precise final infringement or invalidity contentions and narrowing issues for *Markman*, summary judgment trial, and beyond."  *Connectel, LLC v. Cisco Sys*., *Inc*., 391 F. Supp. 2d 526, 527 (E.D. Tex. 2005).

### III. ANALYSIS

Papst's Final Contentions were required to meet the express and detailed standards set forth by the Court at the August 31, 2010 hearing and in the Sixth PPO.  The Court directed Papst to file Final Contentions because Papst had filed its original claims and contentions on May 28, 2008, before claims construction, and Papst needed to amend its contentions to conform with the November 24, 2009 Modified Claims Construction Opinion and Order.  *See* Modified Claims Construction Op. [Dkt. # 336]; Modified Order [Dkt. # 337].  In addition to the need to bring the claims and contentions up-to-date, the Court ordered Papst to be clear and precise in its Final Contentions so as to permit focused discovery and ensure efficient resolution of this MDL with regard to the cost, time, and effort expended by the parties and the Court.  Papst has flouted the Court's direct order.  Its 314-page Final Contentions filing simply fails to meet the standards directed by the Court.  For this astounding and brash failure to follow its orders, the Court will impose a reasonable sanction against Papst — Papst will be required to live with its Final Contentions as they stand without further modification.

Instead of crystallizing its asserted claims and infringement contentions in this case, Papst's Final Contentions intentionally obfuscate Papst's infringement theories.  As this Court has previously noted, Papst is in the business of litigation.

> Papst is a German company that produces no products; it acquires patents on products or methods allegedly invented by others and then searches the world for patents it might challenge for infringement.  At one of the first status conferences of the MDL, when the Court queried whether this was old-fashioned "claim-jumping," counsel for Papst

readily agreed that it had been called worse. Of course, this is a perfectly lawful and respectable business. But it underscores that the business of Papst is *litigation*, not invention or production. Litigation is the business model whereby Papst, when successful, achieves royalty payments from others. As is clear from this record, the threat of litigation alone often achieves royalty payments.

Mem. Op. [Dkt. # 86]. While the threat of litigation alone often achieves royalty payments, the threat of never-ending discovery can induce even larger royalty payments. Frankly, this appears to be Papst's strategy in this case. The Final Contentions are purposefully vague; they were drafted to further Papst's intention to engage in protracted and expensive litigation.

A few examples will suffice to illustrate Papst's blatant disregard of the Court's Order, which permeates its entire document. First, instead of providing a "chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality" as required by the Sixth PPO ¶ 2(c), Papst filed three generic claims charts that reference a non-specific narrative section of its filing that is full of ambiguous phrasing. *See* Final Contentions at 52-78. For example, Papst's chart for MSC Capable Devices sets forth the first portion of Claim One of the '399 Patent:

> An interface device for communication between a host device, which comprises drivers for input/output devices customary in a host device and a multi-purpose interface, and a data transmit/receive device, the data transmit/receive device being arranged for providing analog data, comprising:

*Id*. at 52 (citing '399 Patent, col. 12:42-47). Rather than identify specifically where each limitation of each asserted claim is found within each Accused Instrumentality, as required by the Sixth PPO, Papst told the Court and the Camera Manufacturers that:

> Papst incorporates Part A, "Preamble,"above, including the objections to the construction of the terms in the preamble. The MSC Capable Devices identified in the tables below include interface device portions

for communication between a host device having a multipurpose USB interface and data transmit receive devices addressed herein and arranged for providing analog data.

*Id*. at 52. Papst refers to "Part A," fourteen pages of argument, vague examples, and renewal of Papst's own claims constructions, already rejected by the Court. *See* Final Contentions at 5–18. The allegations in Papst's chart are replete with this lack of specificity — they utterly fail to identify specifically where in the accused products the claims limitations are found. The Final Contentions repeatedly make the bald assertion that "the accused device includes <insert limitation from Patent here>." In fact, Papst was *ordered* to identify where each limitation of each asserted claim is found on each accused camera. Papst ignored this direct order of the Court.

Second, the Final Contentions reference "the interface portion" and "interface device portions." The Patents claim an "interface device," which the Court construed to mean a "stand alone device." Modified Claims Construction Order [Dkt. # 337] at 2; *see also* Modified Claims Construction Op. [Dkt. 337] at 16-24. Papst's Final Contentions do not identify what precisely the alleged interface devices are, instead referring to "the interface portion of the accused products." Final Contentions at 10; *see also id*. at 52 ("The MSC Capable Devices identified in the tables below include interface device portions for communication" between a computer and a data transmit/receive device.)[7] "Interface device portions" is a new phrase, invented by Papst to avoid the requirements of the Court's orders.

---

[7] The Camera Manufacturers point out various claims that they allege are either baseless or unlikely to hold up on summary judgment. One such claim is Papst's theory that SD (Secure Digital) Cards meet the "transmit/receive device" limitation, even though the '399 Patent requires that the transmit/receive device provide analog, not digital, data. Because infringement contentions are intended to provide notice and not to provide a forum for litigating substantive issues, *see STMicroelectronics, Inc. v. Motorola, Inc.*, 308 F. Supp. 2d 754, 755 (E.D. Tex. 2004) (referring to preliminary contentions), the Court does not address the substance of Papst's Final Contentions at this juncture.

Third, the Final Contentions additionally lack the requisite specificity because they repeatedly reiterate Papst's version of previously rejected claims constructions and then advance theories based on such rejected constructions. *See, e.g.*, Final Contentions at 33 (asserting that "second connecting device" means a device for interfacing and not "a physical plug or socket for permitting a user readily to attach and detach . . ." as construed by the Court). In this same vein, Papst also attempts to incorporate and reassert its original contentions filed May 28, 2008, before claims construction. *Id*. at 2. Such an approach bespeaks a total lack of respect for Court orders and the timely resolution of this case, but it is consistent with Papst's approach from the beginning.[8]

By ignoring the Court's claims constructions and asserting its own much broader constructions, Papst would keep hundreds of accused products in this case, products that should no longer be the subject of this litigation due to the Court's claims constructions. Such would defeat the purpose of claims construction and exponentially increase the time and expense this litigation requires. The reassertion of old rejected claims muddles the Final Contentions and contravenes the Court's August 31, 2010 directions and the Sixth PPO, requiring up-to-date contentions that are clear and precise. The commingling of Papst's preferred constructions with the Court's constructions makes it almost impossible to decipher what Papst's actual infringement theories are under the Court's constructions.

Papst argues that it was required to reassert its preferred claims constructions lest it could be deemed to have waived these issues; that it should be permitted to take discovery that is

---

[8] *See, e.g.*, Mem. Op. [Dkt. # 82] (sanctioning Papst for failure to comply with a direct discovery order), *modified in part by* Mem. Op. [Dkt. # 123]. Papst filed a petition for writ of mandamus regarding this issue, *see* Dkt. # 167, and the Federal Circuit denied the petition. *In re Papst Licensing GmbH & Co. KG*, Misc. No. 877, 314 Fed. Appx. 295, 2008 WL 5691048 (Fed. Cir. Aug. 5, 2008).

solely related to its preferred claims constructions; and that it should be permitted to present such discovery as evidence at trial. *See* Papt's Opp'n [Dkt. # 393] at 6-8. This is incorrect. Such an approach would defeat the very purpose of the *Markman* hearing and ignore the principle that claims construction is a legal issue for the Court, not a fact issue for a jury. *See, e.g., Intervet, Inc. v. Merial Ltd.*, 252 F.R.D. 47, 50 (D.D.C. 2008) (rejecting a request for discovery that was broader than claims construction because it would defeat the purpose of claims construction, *i.e.*, the narrowing of the issues). "Limitations on the scope of discovery may be appropriate where the court already has construed the patent claims. Regardless of the timing of the claim construction, however, the parties should be prohibited from offering alternative constructions throughout the litigation and thereby expanding the scope of discovery." Manual for Complex Litigation 4th § 33.25.[9] Papst knows this. Its counsel are experienced. One must assume counsel's job is to cause expense for opponents, not resolution.[10]

Fourth, Papst's Final Contentions are vague and nonspecific with regard to certain of the accused products. Papst contends that Mass Storage Class ("MSC") capable devices and Picture Transfer Protocol ("PTP") capable devices include "digital cameras, camcorders (which are digital

---

[9] The First Practice and Procedure Order provided that "[t]he Court will be guided by the Manual for Complex Litigation 4th, approved by the Judicial Conference of the United States, and counsel are directed to familiarize themselves with that publication." First Practice & Procedure Order [Dkt. # 3] ¶ 15.

[10] On appeal, if the Federal Circuit should modify or overturn this Court's claims construction and it becomes unclear whether an accused device infringes, that issue can be remanded for discovery and summary judgment or trial. *See, e.g., Praxair, Inc. v. ATMI, Inc.*, 543 F.3d 1306, 1324 (Fed. Cir. 2008); *Exxon Chem. Patents, Inc. v. Lubrizol Corp.*, 137 F.3d 1475, 1478-79 (Fed. Cir. 1998).

cameras), MP3 players,[11] voice recorders, and *other MSC Capable and/or PTP Capable devices*." Final Contentions at 4 (emphasis added). Papst also claims that it "reserves the right" to accuse even more devices. Final Contentions at 78, 307-314. Such contentions violate the orders of the Court as stated in the Sixth PPO and at the August 31, 2010 hearing because they are imprecise and without limit. Further, the case against the First Wave Camera Manufacturers has focused on digital cameras (and to a *very* limited extent some mention of camcorders and voice recorders). Papst looks to expand this litigation to include cell phones and MP3 players. But Papst can only add new product categories by moving to amend its Complaints and Counterclaims against the Camera Manufacturers, for which it has not sought leave of Court. *See* Mem. Op. on HP's Mot. to Strike [Dkt. # 426] at 10–14; Mem. Op. on Papst's Mot. Amend Samsung Complaint [Dkt. # 424] at 6-8.

Finally, the Final Contentions also advance claims against the Second Wave Camera Manufacturers, whose cases are stayed, and against entities that are not part of this litigation: Samsung Electronics, Inc.; Samsung Electronics America Co. Ltd.; and Samsung Telecommunications America, LLC. The Final Contentions will be stricken to the extent that they make claims against these parties.

## IV. CONCLUSION

In sanction for its blatant disregard of the Sixth PPO and the Court's orders at the August 31, 2010 hearing, the Court will grant in part and deny in part the Camera Manufacturers' motion for sanctions [Dkt. # 388] as follows:

(1) Papst will be barred from modifying its Final Contentions;

---

[11] MP3 players are digital audio players that support the MPEG Audio Layer 3 computer file format for the compression and storage of digital audio files. *See* http://mw4.m-w.com/dictionary/mp3 (last visited on Feb. 8, 2011).

(2) Papst will be barred from advancing any arguments for infringement, or against the Camera Manufacturers' claims of noninfringement, that are not based solely on this Court's constructions of the Patents;

(3) Papst will be barred from advancing any arguments for infringement, or against the Camera Manufacturers' claims of noninfringement, that are not set forth specifically and explicitly in the Final Contentions;

(4) Papst will be barred from making claims and contentions at this time against: the Second Wave Camera Manufacturers; Samsung Electronics Co. Ltd.; Samsung Electronics America, Inc.; and Samsung Telecommunications America, LLC;

(5) the Final Contentions will be stricken to the extent that they make claims against: the Second Wave Camera Manufacturers; Samsung Electronics Co. Ltd.; Samsung Electronics America, Inc.; and Samsung Telecommunications America, LLC.; and

(6) the Camera Manufacturers' request for attorney's fees will be denied.

A memorializing Order accompanies this Memorandum Opinion.[12]


Date: February 8, 2011
                                          /s/
                                   ROSEMARY M. COLLYER
                                   United States District Judge

---

[12] The Minute Order entered January 28, 2011 regarding the Camera Manufacturers' motion for sanctions [Dkt. # 388] will be vacated and replaced by the Order that accompanies this Memorandum Opinion.