NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CLIFFORD A. LOWE, SPOTA LLC, fka Insite Solutions, LLC,**
*Plaintiffs-Appellants*

**v.**

**SHIELDMARK, INC., ADVANCED PLASTICS, INC., CROWN EQUIPMENT CORPORATION,**
*Defendants-Appellees*

---

2025-1913

---

Appeal from the United States District Court for the Northern District of Ohio in No. 1:19-cv-00748-JG, Judge James S. Gwin.

---

**ON MOTION**

---

Before LOURIE, BRYSON, and REYNA, *Circuit Judges.*

PER CURIAM.

### O R D E R

Plaintiffs Clifford A. Lowe and Spota LLC have appealed from the district court's denial of their motion under Fed. R. Civ. P. 60(b) seeking relief from a sanctions award

we previously affirmed in *Lowe v. ShieldMark, Inc.*, No. 2023-1786, 2025 WL 893211 (Fed. Cir. Mar. 24, 2025). The defendants have moved to dismiss the appeal as frivolous and for sanctions under Fed. R. App. P. 38. The plaintiffs oppose that motion.

The background of this case is set out in three appeals decided by this court.[1] Relevant here, in December 2021, Mr. Lowe assigned the asserted patent to Spota, and Spota thereafter licensed the patent to a third party. Based on those transactions, the district court concluded that both Mr. Lowe and Spota lost Article III standing to assert the patent. In the alternative, the court found that the asserted patent claims were invalid. The court also awarded $213,765 in sanctions because the plaintiffs failed to timely disclose the ownership and license documents during discovery and filed an amended complaint that "explicitly misrepresented to Defendants and to [the District] Court the status of the patent." *Lowe,* 2025 WL 893211, at *9 (quoting district court decision).

On appeal, we held that Spota had standing to sue, but Mr. Lowe did not. We then affirmed the district court's invalidity ruling. As for the $213,765 sanction, we held that there was "no clear error in the district court's finding of bad faith conduct by the plaintiffs that prejudiced the defendants." *Id.* at *10. We explained that Mr. Lowe "lost Article III standing after the Assignment, and the plaintiffs' conduct delayed litigation with respect to Lowe's patent infringement claim." *Id.* We therefore affirmed the sanctions award under the district court's inherent

---

[1]    *See Lowe*, 2025 WL 893211; *Lowe v. ShieldMark, Inc.*, No. 2021-2164, 2022 WL 636100 (Fed. Cir. Mar. 4, 2022); *Lowe v. ShieldMark, Inc.*, No. 2022-2273, 2022 WL 17246331 (Fed. Cir. Nov. 28, 2022).

authority. *Id.*[2]  Lowe petitioned for rehearing, arguing we should not have affirmed the sanctions award after finding Spota had standing because that meant "there was no delay in the litigation caused by Plaintiffs-Appellants in rightfully challenging" the decision dismissing both plaintiffs for lack of standing;[3] rehearing was denied.

After mandate issued, Lowe moved the district court for relief from the sanctions award, reasserting its argument that "[a]ny delay in the proceedings was not the result of Plaintiffs' justified opposition to ShieldMark's position that both Plaintiffs had lost standing." *Lowe v. ShieldMark, Inc. et al*, 19-748, Dkt. No. 238-1 at 2 (N.D. Ohio).  But the court found such relief foreclosed under this court's mandate, explaining that this court "explicitly **affirmed** the [District] Court's judgment regarding sanctions under its inherent power . . . .  Moreover, the Federal Circuit anticipated and expressly rejected the argument that Plaintiffs raise . . . .  By emphasizing Plaintiff Lowe's lack of standing, the Circuit indicated that Plaintiff Spota's standing did not affect its sanction analysis." *Id.*, Dkt. No. 239 at 4–5 (emphasis in original).  Lowe appeals, and we have jurisdiction under 28 U.S.C. § 1295(a)(1).

We summarily affirm the district court's decision because there is no "substantial question regarding the outcome of the appeal." *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994).  Under the mandate rule, "issues actually decided on appeal—those within the scope of the judgment appealed from, minus those explicitly reserved or remanded by the court—are foreclosed from further

---

[2]  This court vacated and remanded a separate $4,750 sanctions award against Lowe regarding a motion to seal an expert report.  *Lowe*, 2025 WL 893211, at *10. That sanctions award is no longer at issue.

[3]  Appeal No. 2023-1786, ECF No. 57 at 15–17.

consideration." *Amado v. Microsoft Corp.*, 517 F.3d 1353, 1360 (Fed. Cir. 2008) (cleaned up). Here, the district court was clearly correct that our mandate foreclosed further consideration of the sanctions award; we affirmed that award, despite concluding that Spota had standing, because there was no clear error in the court's findings regarding the plaintiffs' bad faith conduct that prejudiced the defendants, including the plaintiffs' failure to timely supplement discovery responses and their misrepresentation of patent ownership in the Fourth Amended Complaint. *Lowe*, 2025 WL 893211, at \*9–10. The plaintiffs' attempts to ward off summary disposition here are meritless.[4]

Setting aside the procedural problem that the mandate rule bars the relief the plaintiffs are seeking through their current appeal, the plaintiffs' core contention on the merits is that the district court's sanctions order was erroneously based on that court's conclusion that if the plaintiffs had

---

[4] The plaintiffs' arguments misinterpret this court's prior decision and mandate. They argue that "[w]hat this Court did not do on appeal, is determine whether the findings of fact on which the sanctions award was made were erroneous." ECF No. 10 at 1. However, this court's decision explained that "[f]actual findings underlying sanctions based on the district court's inherent powers are reviewed for clear error" and that, after review, we "discern[ed] no clear error in the district court's finding[s]." *Lowe*, 2025 WL 893211, at \*10. The plaintiffs also argue that they "did not have an opportunity to argue these mistakes on appeal because this Court first revealed them in its opinion." ECF No. 10 at 4. But the plaintiffs raised those purported mistakes in their petition for rehearing, which was denied. *See Retractable Techs., Inc. v. Becton Dickinson & Co.*, 757 F.3d 1366, 1373 (Fed. Cir. 2014).

disclosed the information regarding the transactions of December 2021, the defendants could have successfully moved for summary judgment at that time. Because this court subsequently held that the district court was wrong to conclude that those transactions deprived both Mr. Lowe and Spota of standing (rather than holding that only Mr. Lowe lost standing), the case could have proceeded with only Spota as the party with standing. In effect, the plaintiffs are contending that the misconduct identified by the district court was harmless and that it was therefore improper for the district court to award monetary sanctions for that course of misconduct.

That argument, however, ignores the fact that the district court's sanctions order was principally based on what the court found to be a course of bad faith conduct by the plaintiffs. That course of conduct included (1) failing to satisfy their discovery obligations with respect to the December 2021 transfer documents, (2) denying the existence of those documents, and (3) as the district court found, "blatantly misrepresent[ing]" in the Fourth Amended Complaint filed on June 7, 2022, that "Lowe is the owner of all rights, title, and interest in and to the [asserted] patent [and Spota] is an exclusive licensee under the [asserted] patent," and that "Lowe and [Spota] share rights of enforcement and recovery under the [asserted] patent." *Lowe v. ShieldMark, Inc.*, No. 19-748, Dkt. No. 224 at 8 (N.D. Ohio Apr. 21, 2023) (quoting Dkt. No. 127 at 3).

Even after the defendants independently discovered the December 9, 2021, patent assignment from Mr. Lowe to Spota in late June 2022, *see id.*, Dkt. No. 150 at 3 & Exh. A, the plaintiffs argued that the assignment did not deprive Mr. Lowe of standing, *id.*, Dkt. No. 151 at 1. They based that argument on a "certain Patent License Agreement" between Lowe and Spota, which they did not share with the defendants, but offered to make available to the court for *in camera* review. *Id.*, Dkt. No. 151 at 1. When the defendants asked the court to order that the Patent License

Agreement be produced to them, the court so directed. *Id.*, Dkt. Nos. 153 and 154. The plaintiffs then sought reconsideration of the court's order and produced a highly redacted version of the Patent License Agreement. *Id.,* Dkt. Nos. 157 and 157-2. The defendants objected to the redactions, *id.*, Dkt. No. 158, and the court ordered the plaintiffs to produce all documents related to the transfer of the asserted patent, licensing of the asserted patent, or the right to enforce the asserted patent, *id.*, Dkt. No. 159.

While the plaintiffs' course of misconduct did not ultimately have the effect of depriving the defendants of the right to summary judgment on the entire case based on standing, it plainly affected the posture of the case with regard to Mr. Lowe's standing, and it completely altered the manner and timing of the resolution of the standing issue before the district court.

We therefore grant the appellees' motion to the extent that we summarily affirm the order of the district court denying the plaintiffs' Rule 60(b) motion for relief from the judgment in this case.

Accordingly,

IT IS ORDERED THAT:

(1) The motion is granted to the extent the district court's decision is summarily affirmed.

(2) While the outcome of this appeal is not in doubt, we do not regard the appeal as so wholly frivolous that further sanctions should be imposed against the plaintiffs under Fed. R. App. P. 38.

LOWE v. SHIELDMARK, INC.                                    7

    (3)  Costs, but not attorney fees, will be awarded to the defendants.

FOR THE COURT

September 5, 2025
    Date

Jarrett B. Perlow
Clerk of Court